UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAULA CAPUTY, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. |
| | ) 14-14159-FDS |
| QUAD/GRAPHICS, INC., | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER ON**
**MOTION TO DISMISS**

**SAYLOR, J.**

This action arises out of an employment termination. Defendant Quad/Graphics, Inc. ("Quad Graphics") terminated the plaintiff, Paula Caputy, at the age of 64. The complaint alleges that plaintiff was terminated due (at least in part) to her age, in violation of the Massachusetts Fair Employment Practices Act, Mass. Gen. Laws. ch. 151B §4(1B). Plaintiff seeks to recover compensatory damages for lost wages, front pay and emotional distress, as well as costs and attorneys' fees. Jurisdiction is based on diversity.

Defendant has moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons set forth below, the motion will be denied.

**I.    Background**

   **A.    Factual Background**

Unless otherwise noted, the following facts are presented as stated in the complaint.

Defendant Quad Graphics is a Wisconsin corporation that maintains an office in Weymouth, Massachusetts. (Compl. ¶ 6). On September 25, 2006, at the age of 59, plaintiff Paula Caputy began working for Quad Graphics as a Sales Service Representative. (*Id.* ¶¶ 7-8).

According to the complaint, plaintiff's work performance throughout her employment was "always more than satisfactory." (*Id.* ¶ 12). As of January 2012, she was one of five Sales Service Representatives employed by Quad Graphics in Weymouth. (*Id.* ¶ 9). All five employees performed the same job function and possessed the same skill set. (*Id.* ¶ 11).

On January 26, 2012, Thomas O'Brien, an employee of defendant, notified Caputy that her employment was being terminated effective immediately. (*Id.* ¶ 13). He stated: "It's about the economy. It has nothing to do with your work . . . it's been fine." (*Id.* ¶ 14). O'Brien gave no other reason for her termination at that time. (*Id.* ¶ 15). According to the complaint, Quad Graphics subsequently informed Caputy that she "was chosen for termination by her fellow employees." (Compl. ¶ 20).

At the time of her termination, Caputy was 64 years old. (*Id.* ¶ 16). The other four Sales Service Representatives in the Weymouth office were 53, 52, 49, and 29 years old. (*Id.* ¶ 10). They were not terminated by Quad Graphics at the time of Caputy's termination. (*Id.* ¶¶ 10, 17).

Caputy's salary at the time of her termination was $50,000 per year. (*Id.* ¶ 18). She also received health insurance, disability insurance, and 401(K) retirement plan benefits as additional compensation. (*Id.*).

**B.**     **Procedural Background**

On October 15, 2014, Caputy filed a complaint in the Superior Court of the Commonwealth of Massachusetts, Plymouth County. On November 13, 2014, Quad Graphics

removed the action to this Court on the basis of diversity. On November 20, 2014, Quad Graphics moved to dismiss the complaint for failure to state a claim upon which relief can be granted.

## II.     Standard of Review

On a motion to dismiss, the Court "must assume the truth of all well-plead[ed] facts and give plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (*citing Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir.1999)). To survive a motion to dismiss, the complaint must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). Dismissal is appropriate if the facts as alleged do not "possess enough heft to show that plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 84 (1st Cir. 2008) (quotations and original alterations omitted).

## III.    Analysis

The complaint alleges that Quad Graphics violated Mass. Gen. Laws ch. 151B § 4(1B) by terminating Caputy's employment on the basis of her age. (Compl. ¶¶ 20, 22). To prevail on a claim of discrimination in employment under ch. 151B, an employee must prove four elements: "membership in a protected class, harm, discriminatory animus, and causation." *Sullivan v. Liberty Mut. Co.*, 444 Mass. 34, 39 (2005). Section 1 of ch. 151B defines the protected class, in

the context of an age discrimination claim, as those who are 40 years old or older. *See* Mass. Gen. Laws ch. 151B § 1.

Here, Caputy was 64 years old at the time of her termination—well within the protected class. Further, the complaint plausibly alleges that she suffered harm, in the form of "loss of wages, health insurance and other benefits of employment." (Compl. at 3). Thus, the first two elements of Caputy's discrimination claim do not appear to be in dispute.

However, Quad Graphics contends that the complaint does not plausibly allege discriminatory animus on its part, much less that Caputy was terminated due (even in part) to that animus. In other words, it contends that the complaint does not allege facts from which a reasonable jury could infer that Caputy's termination was motivated by age discrimination.

In *Sullivan v. Liberty Mut. Ins. Co.*, the Massachusetts Supreme Judicial Court detailed the standard that a plaintiff who alleges a discriminatory termination must meet in order to prove such an allegation without direct evidence of discrimination. 444 Mass. at 40-44.[1] In so doing, the court went into considerable depth in describing what constitutes a *prima facie* showing of discrimination through indirect evidence. *Id.* It stated: "Generally, a plaintiff who is terminated from her position establishes a *prima facie* case of discrimination by producing evidence that she is a member of a class protected by [ch.] 151B; she performed her job at an acceptable level; she was terminated; and her employer sought to fill her position by hiring another individual with qualifications similar to hers." *Id.* at 41. The court went on to clarify that where an employer does not replace the terminated employee, *i.e.* in the context of a "reduction in force," a plaintiff "may satisfy the fourth element of her *prima facie* case by producing some evidence that her

---

[1] Caputy does not appear to contend that the complaint alleges any direct evidence of discrimination, and the Court finds none.

4

layoff occurred in circumstances that would raise a reasonable inference of unlawful discrimination." *Id.* at 45.[2]

In further clarifying the standard as applied to the reduction-in-force context, the *Sullivan* court addressed whether "the fact that an employer retained in the plaintiff's same position an employee outside the plaintiff's protected class may indeed be 'sufficiently probative to allow a factfinder to believe that the employer intentionally discriminated against the plaintiff.'" *Id.* at 44 (quoting *Barnes v. GenCorp., Inc.*, 896 F.2d 1457, 1466 (6th Cir. 1990)). In footnotes, it posed two hypothetical situations—one in which a *prima facie* case would be raised, and one in which it would not. *Id.* at 44 nn. 14-15. In footnote 14, the court wrote:

> Consider a hypothetical case where a hospital employed five nursing supervisors, four of whom are women. In implementing a reduction in force, the hospital retained the four female nurse supervisors, but discharged the only male supervisor. The fact that the hospital retained all women nursing supervisors and discharged the only man is sufficient, by itself, to raise a reasonable inference that the hospital selected the man for discharge because of his sex.

*Id.* at 44 n. 14. In footnote 15, the court wrote:

> Consider a hypothetical case where a computer company discharged one hundred of its information technology employees. Many of the terminated employees are over the age of forty. The employer retains employees ranging from ages nineteen to sixty-four years. The company's retention of one, or even a few, employees younger than the terminated employee over the age of forty is, without more, insufficient to raise a reasonable inference of age discrimination.

*Id.* at 44 n. 15.

Here, the complaint pleads sufficient facts to establish at least the first three elements of a *prima facie* discrimination claim. Caputy was a member of a protected class and was terminated,

---

[2] Although plaintiff "need not plead facts sufficient to establish a *prima facie* case," "the elements of a *prima facie* case may be used as a prism to shed light upon the plausibility of the claim." *Rodriguez-Reyes v. Molina-Rodriguez*, 711 F.3d 49, 54 (1st Cir. 2013).

and thus the first and third elements are clearly satisfied. The second element—that she "performed her job at an acceptable level"—is satisfied at this stage by Caputy's allegation that Mr. O'Brien told her, upon her termination, that "It's about the economy. It has nothing to do with your work . . . it's been fine." (Compl. ¶ 14).[3]

As to the fourth element, the circumstances of Caputy's termination are, in at least some respects, strikingly similar to those presented in the first *Sullivan* hypothetical (in which one male nurse supervisor was terminated and the four female nurse supervisors were retained).[4] Caputy was 64 years old at the time of her termination, while the other four Sales Service Representatives in her office—all of whom were retained—were 53, 52, 49, and 29 years old. (Compl. ¶¶ 10, 16). Thus, like the hypothetical male nurse supervisor, Caputy was the only of five employees that held the same position to be terminated. Moreover, as the oldest of the five employees, she was arguably the most likely candidate to be terminated on the basis of age discrimination—just as the male nursing supervisor was the most likely candidate to terminated on the basis of sex discrimination.

The primary difference between the first *Sullivan* hypothetical scenario and the facts presented here is that, while the terminated male in the hypothetical was the only member of his protected class (males) among the five nurse supervisors, Caputy was not the only employee within the protected age class among sales representatives in her office. In fact, four of the five employees were apparently within the protected class, as only one was below 40 years old.

---

[3] The complaint also alleges that her "work performance for Quad Graphics was always more than satisfactory." (Compl. ¶ 12).

[4] The parties appear to agree that this case arises in a "reduction-in-force" context. That is corroborated by the allegation in the complaint that O'Brien told Caputy that her termination was "about the economy." (*Id.* ¶ 14).

However, age is not a binary characteristic; it is not the case that all persons over 40 are equally likely to be subject to age discrimination. An older individual would surely be more likely to be affected by age discrimination than a younger employee who still falls within the protected age class. Put another way, a company motivated to terminate an employee based on age would clearly be more likely to target a 64-year-old employee than a 53-year-old employee, a 52-year-old employee, or a 49-year-old employee. *Cf. Knight v. Avon Prods., Inc.*, 438 Mass. 413, 425 (2003) (holding that a *prima facie* case of discriminatory termination is established where the employer replaces the terminated employee with someone at least five years younger, without distinguishing between cases where the replacement employee is over 40 and those where he or she is 40 or younger).[5]

It therefore appears that the complaint's allegations, while relatively bare, are sufficient to make out a *prima facie* case of employment discrimination based on the principles set out in *Sullivan*. *See id.* at 40-44. Accordingly, the complaint states a plausible claim for age discrimination in violation of Mass. Gen. Laws ch. 151B, and the motion to dismiss will be denied.[6]

---

[5] Quad Graphics contends that the complaint does not sufficiently allege that Caputy's fellow sales representatives were "similarly situated" to her. (Reply at 2). However, the complaint states that "the Sales Service Representatives at Weymouth performed the same job function and had the same skill set." (Compl. ¶ 11). At this stage, that is a sufficient allegation that all five employees were similarly situated.

[6] As noted above, the plausibility standard for pleadings is somewhat less stringent than the *prima facie* standard. *See Rodriguez-Reyes v. Molina-Rodriguez*, 711 F.3d 49, 54 (1st Cir. 2013). Because the complaint meets the *prima facie* standard as set out in *Sullivan*, 444 Mass. at 40-44, it necessarily meets the plausibility standard as well.

## IV. Conclusion

For the foregoing reasons, defendant's motion to dismiss is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
Dated: May 11, 2015
United States District Judge